**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Corey Tyler Busch, Appellant.

Appellate Case No. 2023-000299

———————

Appeal From Horry County
Michael S. Holt, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-328
Submitted September 1, 2025 – Filed October 1, 2025

———————

**AFFIRMED**

———————

Appellant Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** Corey Tyler Busch appeals his conviction for armed robbery and sentence of sixteen years' imprisonment. On appeal, Busch argues the trial court erred by admitting State's exhibits 31 (a toboggan hat) and 32 (a bandana) because

the State failed to establish a sufficient chain of custody. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by admitting the toboggan hat and bandana into evidence. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion"); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). We hold the items are non-fungible evidence because they are readily identifiable. *See State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) (stating that "non-fungible evidence" is evidence that is "unique and identifiable"). We further hold the State presented a sufficient chain of custody for these items because a detective testified the items were "essentially in the same condition as when [he] collected" them. *See id.* at 134, 620 S.E.2d at 741-42 ("[W]here the issue is the admissibility of non-fungible evidence—that is, evidence that is unique and identifiable—the establishment of a strict chain of custody is not required . . . ."); *id.* (providing the trial court "broad discretion to admit [non-fungible evidence] merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition"); *State v. Hatcher*, 392 S.C. 86, 95, 708 S.E.2d 750, 755 (2011) (stating that if "the trial [court] is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence" (quoting *Gallego v. United States*, 276 F.2d 914, 917 (9th Cir. 1960))).

**AFFIRMED.**[1]

**KONDUROS, GEATHERS, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.